UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 28, 2013
```

MARQUISE SIMMONS,

        Plaintiff,

        v.

MR. ROBERT N. CRIPPS, Warden of Anna M. Kross Center (C-95), DORA B. SCHRIRO, Commissioner of the New York City Department of Corrections, WARDEN of the Otis Bantum C. Center; WARDEN of G.M.D.C. (C-73),

        Defendants.

12 Civ. 1061 (PAC) (DF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Pro se Plaintiff Marquise Simmons ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against various defendants asserting violations of his constitutional rights due to unlawful conditions of his incarceration.[1] (ECF No. 2.) On April 6, 2012, this matter was referred to Magistrate Judge Debra Freeman. (ECF No. 8.) On June 7, 2012, Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (see ECF No. 12), and on July 27, 2012, Plaintiff moved to convert Defendants' motion to one for summary judgment (see ECF No. 26). On February 15, 2013, Magistrate Judge Freeman issued a Report and Recommendation ("R&R") that the Court deny Plaintiff's motion and grant Defendants' motion to dismiss in part, providing Plaintiff an opportunity to amend his Complaint. (ECF No. 30.) Defendants filed objections to the R&R on March 1, 2013. (Objections, ECF No. 31.) For the following reasons, the Court adopts Magistrate Judge Freeman's R&R in full.

---

[1] By an order dated April 5, 2012, the Court sua sponte dismissed Plaintiff's claims against the Mayor of the City of New York and the Commissioner of the New York Police Department. (ECF No. 9.)

## BACKGROUND

### A. Factual Background

Plaintiff complains of various alleged poor conditions of his confinement, including overcrowding, pest infestation, malfunctioning toilets and other fixtures, shortages of food, the provision of spoiled food, and mistreatment by prison staff, which he claims have caused him personal injury.[2] (See R&R at 2–6.) Plaintiff alleges he filed several grievances regarding these issues, which were ignored. (Id. at 7.) In his Complaint, Plaintiff asserts that he did not seek to appeal any of his grievances because the Inmate Grievance Resolution Program ("IGRP") does not provide steps for appealing ignored grievances; however, in his opposition papers to Defendants' motion, Plaintiff alleges that he exhausted "all known remedies." (Id.)

Defendants moved to dismiss on the grounds that from the face of Plaintiff's Complaint it is clear that he has failed to exhaust his administrative remedies and thus is barred from pursuing his claims in federal court by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Defendants also moved to otherwise dismiss the Complaint for failure to state a claim to relief.

### B. Magistrate Judge Freeman's Report and Recommendation

In the February 15, 2013 R&R, Magistrate Judge Freeman concluded that record was unclear regarding Plaintiff's efforts to pursue his grievances. In light of Plaintiff's pro se status and the undeveloped state of the record at this point, Magistrate Judge Freeman recommended that Defendants' motion to dismiss for lack of exhaustion be denied without prejudice to Defendants renewing this argument upon a more complete record on this issue. (R&R at 10–17.)

---

[2] The factual background of this dispute is set forth in the February 15, 2013 R&R, familiarity with which is assumed. The Court recites only those facts relevant to the Defendants' objections to the R&R.

Magistrate Judge Freeman also recommended that the Court grant Defendants' motion to dismiss on the grounds the Complaint failed to allege the personal involvement of the named Defendants, to plead sufficient facts to allege a constitutional violation, or to allege facts sufficient to show entitlement to compensatory relief. Magistrate Judge Freeman recommended that Plaintiff be given an opportunity to amend his Complaint to remedy the pleading deficiencies with regards to his claims of deliberate indifference due to denial of laundry services and exposure to harmful water, pests, broken bathroom fixtures, rust, and contaminated air, and his claims relating to the destruction of his outgoing legal mail. (R&R at 17–44.)

### C. Defendants' Objections

In their objections, Defendants state that Magistrate Judge Freeman correctly set forth the applicable law regarding a prisoner's obligation to exhaust administrative remedies before filing a federal action; correctly recognized and identified the IGRP procedures; and correctly noted that Plaintiff failed to follow these procedures. (Objections at 4–6.) Defendants object, however, to Magistrate Judge Freeman's determination that, construing Plaintiff's Complaint liberally, Plaintiff "may have intended to convey that he did exhaust his claims, or that, if he failed to do so . . . he may have had an excuse for that failure." (Id. at 7 (quoting R&R at 16).) Defendants argue that Plaintiff's Complaint must be dismissed because Plaintiff's contentions are insufficient in light of that fact that the IGRP provides an avenue for addressing ignored grievances and because Plaintiff did not properly exhaust all known remedies.

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt

those portions of the R&R to which no timely objection has been made, so long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). When a party makes a timely objection to the magistrate's recommendations, the court reviews the contested portions de novo. Adams v. New York Stated Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012). Because Plaintiff is proceeding pro se, the Court reads his filings and supporting papers liberally and construes them to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. PLAINTIFF'S FAILURE TO EXHAUST

#### A. The Prison Litigation Reform Act

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion" of administrative remedies is characterized as "using all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quotations omitted). The "boundaries of proper exhaustion" are defined by the grievance requirements at the prison. Jones v. Bock, 549 U.S. 199, 218 (2007).

A failure to exhaust is treated as an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216. "Where a motion [to dismiss] is premised on the plaintiff's failure to exhaust his administrative remedies, the question is whether non-exhaustion is clear from the face of the complaint." Mateo v. Alexander, No. 08 Civ. 8797 (RJH), 2010 WL 431718, at *2 (S.D.N.Y. Feb. 9, 2010). If non-exhaustion is clear, the Court should grant a motion to dismiss. Id. (citations omitted). However, where non-exhaustion is not clear from the face of the complaint, the Court may convert the defendant's

4

motion to one for summary judgment "limited to the narrow issue of exhaustion and the relatively straightforward questions about the plaintiff's efforts to exhaust, whether remedies were available, or whether exhaustion might, in very limited circumstances, be excused." McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

### B.     Plaintiff's Exhaustion

Magistrate Judge Freeman concluded that Plaintiff's failure to exhaust was not clear from the face of the record and recommended denying without prejudice Defendants' motion to dismiss for failure to exhaust. Magistrate Judge Freeman acknowledged that based on the current record it appears that Plaintiff failed to follow the IGRP procedure by not filing an appeal from the unanswered grievances, but stated that "[b]ased on Plaintiff's submissions, and given the undeveloped state of the record at this time, the Court cannot conclude that all administrative remedies that Respondent has assumed were available to Plaintiff under the IGRP were *in fact* made available to him." (R&R at 15.)

Construing Plaintiff's Complaint liberally, Magistrate Judge Freeman considered statements in the Complaint in which Plaintiff contends that he had exhausted "all known remedies" (ECF No. 26, at 3), and, that the IGRP process "[did not] provide steps for ignored grievances" (ECF No. 2, at 5), and determined that "[the] allegations raise at least a suggestion that Plaintiff took all steps that were made available to him to pursue his grievances." (R&R at 16). In light of these allegations, Magistrate Judge Freeman concluded that dismissal for lack of exhaustion was unwarranted because Plaintiff "may have intended to convey that he did exhaust his claims, or that, if he failed to do so, . . . he may have had an excuse for that failure." (Id.) See Patterson v. City of New York, No. 11 Civ. 7976 (DLC), 2012 WL 3264354, at *3 (S.D.N.Y. Aug. 9, 2012).

5

Defendants object that Plaintiff's allegations acknowledge the existence of a grievance process, and Plaintiff's failure to comply with the IGRP procedure warrants dismissal of the Complaint. (Objections at 8). However, the Court must liberally construe the pleadings of a pro se litigant. Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001). Where, as here, there is ambiguity in the record as to the circumstances surrounding failure to exhaust, the Court agrees that it would be more prudent to rule on the exhaustion issue on a more fully-developed record. (R&R at 17.)

Accordingly, the Court denies Defendants' motion to dismiss without prejudice to Defendants raising the exhaustion issue in the future. Should Plaintiff file an amended complaint that otherwise survives Defendants' motion to dismiss, see infra, limited discovery should proceed on the exhaustion issue first.

## IV. PLAINTIFF'S FAILURE TO STATE A CLAIM

Defendants objections address only to those parts of the R&R relating to Magistrate Judge Freeman's recommendation that Plaintiff's Complaint not be dismissed for failure to exhaust. Having not received any objections to the remainder of the R&R from either party, the Court reviews the balance of the R&R for clear error. The Court finds no clear error in Magistrate Judge Freeman's conclusions that Plaintiff's original Complaint failed to state a claim to relief, or her recommendation that Plaintiff be given thirty days to replead certain of his claims for deliberate indifference and destruction of his outgoing legal mail. (See R&R at 42.) Accordingly, the Court adopts the remainder of the R&R and grants Plaintiff thirty (30) days from his receipt of this Order to amend his Complaint to remedy the pleading deficiencies identified in the R&R with regards to his claims of deliberate indifference due to denial of

laundry services and exposure to harmful water, pests, broken bathroom fixtures, rust, and contaminated air, and his claims relating to the destruction of his outgoing legal mail.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Freeman's February 15, 2013 R&R in full. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. If Plaintiff does not file an amended complaint within thirty (30) days of his receipt of this Order, this action will be dismissed with prejudice. The Clerk of Court is directed to close the motions at docket entries 12 and 26. The Order of Reference to Magistrate Judge Freeman continues for further disposition of this matter.

Dated: New York, New York
       March 28, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy mailed by chambers to:
Mr. Marquise Simmons
#12R3368
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953